O

#65

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6322 PSG (CTx) | Date | March 18, 2011 |
|---|---|---|---|
| Title | Jason Anderson Deats v. County of Orange, *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):         Attorneys Present for Defendant(s):

Not Present                                                Not Present

**Proceedings:**     **(In Chambers) Order DENYING Defendants' Motion for Summary Judgment**

Pending before the Court are Defendants Han O and Evarado Arredondo's Motion for Summary Judgment. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court DENIES the motion.

I.     Background

On June 21, 2008, Orange County deputies pursued a vehicle that was driving erratically, but were unable to apprehend the driver. *Second Am. Compl. ("SAC")* ¶ 14. Law enforcement officers later identified Plaintiff Jason Deats ("Plaintiff") as a suspect and arrested him at his home for driving under the influence. *See id.* ¶¶ 35-40. Plaintiff was incarcerated for six days in county jail, during which he was allegedly beaten and intimidated by various prison officials. *See id.* After his release and during the following ten months of his prosecution, police officers allegedly intimidated Plaintiff in an effort to keep him silent about his alleged wrongful arrest and abuse. *See id.* ¶ 53. On April 29, 2009, however, the prosecutor dropped all charges against Plaintiff when his brother admitted to being the driver who had fled from the police. *See id.* ¶ 58. Eventually, the Superior Court for Orange County found Plaintiff to be factually innocent of all charges. *See id.* ¶ 55.

While not initially named in Plaintiff's Second Amended Complaint, Plaintiff

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#65

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6322 PSG (CTx) | Date | March 18, 2011 |
|---|---|---|---|
| Title | Jason Anderson Deats v. County of Orange, *et al.* | | |

sought leave to amend to add Sergeant Han O ("Sergeant O") and Deputy Evarado Arredondo ("Deputy Arredondo") (collectively, "New Defendants") in November of 2010. *See* Dkts. #137 (*ex parte* application to amend and add Sergeant Han O as a defendant), 151 (*ex parte* application to amend and add Deputy Evarado Arredondo as a defendant). Plaintiff was unable to identify Sergeant O and Deputy Arredondo as the prison officials who allegedly assaulted him until he saw each of them at depositions of Orange County Sheriff's personnel. *See* Dkt. 151. On December 1, 2010, the Court permitted Plaintiff to amend the Second Amended Complaint to substitute Sergeant O and Deputy Arredondo in for unnamed "Doe Defendants." Dkt. #161. At the same time, the Court permitted limited discovery related to the two New Defendants and extended the time for the New Defendants to file motions for summary judgment. *Id.* That discovery is now complete and the New Defendants filed the pending Motion for Summary Judgment or, in the alternative, Summary Adjudication. The New Defendants seek a determination that, as a matter of law, there is no evidence that they participated in any assault and battery on Plaintiff and, thus, did not intentionally inflict emotional distress, nor violate 42 U.S.C § 1983 and California Civil Code § 52.1. For the reasons that follow, the Court determines that a genuine factual dispute exists and that summary judgment or summary adjudication is not warranted.

II.    Legal Standard

Federal Rule of Civil Procedure 56(c) establishes that summary judgment is proper only when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). If the moving party satisfies the burden, the party opposing the motion must set forth specific facts showing that there remains a genuine issue for trial, and "may not rest upon mere allegations or denials of his pleading." *See id.* at 248, 257 (citations omitted).

A non-moving party who bears the burden of proving at trial an element essential to its case must sufficiently establish a genuine dispute of fact with respect to that element or face summary judgment. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23,

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#65

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6322 PSG (CTx) | Date | March 18, 2011 |
|---|---|---|---|
| Title | Jason Anderson Deats v. County of Orange, *et al.* | | |

106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).  Such an issue of fact is a genuine and material issue if it cannot be reasonably resolved in favor of either party and may affect the outcome of the suit.  *See Anderson,* 477 U.S. at 248, 250-51.

If the moving party seeks summary judgment on a claim or defense for which it bears the burden of proof at trial, the moving party must use affirmative, admissible evidence.  Admissible declarations or affidavits must be based on personal knowledge, must set forth facts that would be admissible evidence at trial, and must show that the declarant or affiant is competent to testify as to the facts at issue.  *See* Fed. R. Civ. P. 56(e).

When a party without the burden of persuasion at trial—generally, a defendant—moves for summary judgment, it must either "produce evidence negating an essential element of the nonmoving party's claim or defense *or* show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial."  *Nissan Fire & Marine Ins. Co. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000) (emphasis added); *see also Masimo Corp. v. Tyco Health Care Group, L.P.*, No. CV 02-4770 MRP, 2004 WL 5907538, at *3 (C.D. Cal. June 10, 2004) ("A defendant moving for summary judgment satisfies the initial burden of production by providing evidence negating any essential element of the nonmovants' claims or by showing that there is an absence of evidence to support the non-moving party's case." (citations and quotations omitted)).

III.     Discussion

The New Defendants readily admit that their motion is based entirely on the absence of prison video surveillance footage of Plaintiff leaving his jail cell or returning to his jail cell during the nights of June 22 and June 23.  *See Reply* 1:1-3.  Plaintiff alleges that he was called out of his cell over a loudspeaker between the hours of 11 p.m. and 1 a.m. on the nights of June 22 and June 23, ordered to walk up to a gate where he was met by two prison officials, escorted by those officials to a hallway, and, *inter alia*, beaten by those officials after being forced to remove his pants and underwear.  *See Deats Depo.* at 163:8-161:20 (Dkt. #165, Ex. E).  After the alleged assault, Plaintiff was escorted back to his cell and called a "faggot" over the jail's loudspeaker.  *Id.* at 161:14-20.  The New

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#65

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6322 PSG (CTx) | Date | March 18, 2011 |
|---|---|---|---|
| Title | Jason Anderson Deats v. County of Orange, *et al.* | | |

Defendants argue that because none of Plaintiff's alleged movements were captured on the jail's surveillance system, there is no genuine dispute of material fact as to the occurrence of the alleged assault. The Court disagrees. Despite all of the New Defendants' evidence regarding the layout of the jail, the coverage of various cameras throughout the jail and the path that Plaintiff allegedly took to the location of the alleged assault, there is a genuine dispute of material fact as to the reliability of the video surveillance footage in this case; a dispute created in part by deposition testimony of New Defendants' witnesses.

The Supreme Court has explained that where a properly admissible videotape capturing the events underlying a lawsuit or claim is offered for purposes of summary judgment, courts must view the facts of the case in the light depicted by that videotape. *See Scott v. Harris*, 550 U.S. 372, 380-81, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007). The New Defendants rely on this case and a related case from the Sixth Circuit and insist that "[t]he jail video surveillance clearly refutes Plaintiff's claims because there is absolutely *no evidence* to support that Plaintiff was removed from his cell, let alone subjected to a severe beating." *Mot.* 17:5-7 (emphasis in original). In doing so, the New Defendants overemphasize the reach of *Scott*. While *Scott* does stand for the proposition that courts should view facts in the light depicted by admissible videotape evidence, the Supreme Court explicitly stated that in the *Scott* case "[t]here [were] no allegations or indications that th[e] videotape was doctored or altered in any way, nor any contention that what it depicts differs from what actually happened." *Scott*, 550 U.S. at 378.

*Scott* and the facts of this case are distinguishable. First and foremost, unlike *Scott*, the videotapes offered by the New Defendants do not "capture[] the events in question." *Id.*; *see also Vlaylock v. City of Philadelphia*, 504 F.3d 405, 414 (3d Cir. 2007) (limiting to *Scott* to situations where there is a "videotape of undisputed authenticity depicting all of the defendant's conduct and all of the necessary context that would allow the Court to assess" that conduct). Plaintiff alleges that he was assaulted by two prison guards; plainly, the videotapes do not capture this event in question. And, unlike *Scott*, there are allegations that the videotapes either did not capture the event or were manipulated in such a way as to depict events other than those that actually occurred.

Plaintiff offers evidence that Sergeant O and Deputy Arredondo are the jail

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#65**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6322 PSG (CTx) | Date | March 18, 2011 |
|---|---|---|---|
| Title | Jason Anderson Deats v. County of Orange, *et al.* | | |

officials responsible for beating him up, *Puritsky Decl.* ¶ 3, that they were both working at the jail during the hours of Plaintiff's two alleged assaults, *Arredondo Depo.* 15:11-18:15; *O Depo.* 38:3-39:19, and that Sergeant O had access to the locked tape room where video surveillance was recorded, *O Depo.* 67:11-24. Moreover, Plaintiff offers evidence that there are certain "blind spots" in the jail where there is no video surveillance coverage, and that Sergeant O and Deputy Arredondo are aware that such blind spots exist, *O Depo.* 33:23-34:14; *Arredondo Depo.* 41:9-11, evidence that each night at around the same time the videotapes are changed out causing a stoppage in recording for a period of time, which Sergeant O and Deputy Arredondo are also aware of, *O Depo.* 70:15-71:9; *Arredondo Depo.* 61:13-16, and evidence that there is no video surveillance coverage in certain guards-only corridors, including the one where Plaintiff was allegedly assaulted, *Arredondo Depo*. 49:23-25. This evidence disputes the New Defendants' contention that if something happened in the jail those nights, the events must have been captured by the jail's video surveillance system.

The remaining dispute in the Motion is related to the time stamps on the tapes and whether the time stamps can be altered to make it appear as if the footage was recorded at one time, but actually recorded at another. If the time stamps are capable of manipulation as Plaintiff contends, then the tapes are not necessarily trustworthy reflections of the events that took place at the jail and may not provide the proper unaltered and complete context that the *Scott* decision requires. *See Opp'n* 20:7-21:20. On many of the videos submitted as evidence, there are two separate time stamps. *See Def's Exhibits,* Exs. I-S. While one of the time stamps represents a system-wide time stamp placed on all videos recorded at the jail by a central computer system, or matrix, the other is placed on the recording by the individual recording device that creates the separate videotapes. The New Defendants argue that the matrix time stamp is only changed twice a year by certain communications employees and that the Orange County Sheriff's Department does not have access to the matrix to change the time stamp and modify the recordings. *See Reply* 6:8-8:4.

The depositions and declarations of the New Defendants' own witnesses are inconsistent, however, and a dispute exists as to whether Sergeant O and Deputy Arredondo were capable of altering the recordings as argued by Plaintiff. For example, defense witness Paul St. Peter, when referring the matrix time stamp controls, states that

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#65**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6322 PSG (CTx) | Date | March 18, 2011 |
|---|---|---|---|
| Title | Jason Anderson Deats v. County of Orange, *et al.* | | |

"all of those controls are available to anybody who goes in that [video recorder] room, whether it be whoever is changing the tapes." *See St. Peter Depo.* 61:23-62:9 (*Puritsky Decl.*, Ex. 5).  On the other hand, Randy Mobley, a communications technician for the County of Orange, states that the matrix time stamp is effectively inaccessible to jail employees, as the computer controlling the matrix time stamp is located in a locked cabinet separate from the video recorders and is protected by two passwords.  *See Mobley Decl.* ¶¶ 5-7.[1]  Despite the New Defendants contention that a deputy working in the jail would not have the "ability to alter the recording," but only stop the recording altogether or erase a tape, s*ee Mot.* 14:9-13, Plaintiff's evidence clearly refutes that and the inconsistent defense witness statements create a genuine dispute about the accuracy of the New Defendants' position.

   Viewing this evidence in a light most favorable to Plaintiff, as this Court must, there is a genuine dispute of fact as to whether the videotapes submitted by the New Defendants were capable of recording all of Plaintiff's alleged movements during the nights of June 22 and 23 and whether the tapes were manipulated.  As the New Defendants' Motion for Summary Judgment is based entirely on the accuracy of the videotaped surveillance, this material dispute defeats the pending Motion.  Moreover, Plaintiff's sworn account of what happened at the jail contradicts Deputy Arredondo and Sergeant O's sworn accounts of what happened.  Resolving such an anecdotal dispute and determining which side is ultimately correct inherently involves a credibility determination inappropriate for summary judgment.  *See Anderson v. Liberty Lobby*, 477 U.S. at 255.

IV.   Conclusion

   Based on the foregoing, the Court DENIES Deputy Arredondo and Sergeant O's Motion for Summary Judgment, or in the alternative, Summary Adjudication.

   **IT IS SO ORDERED.**

---

[1] It addition, Randy Mobley does not indicate that he has been in the video-recording room at the jail or that he has any familiarity with the specific control system located at the jail.